1  Sarah Woodson
   PEQUIGNOT + MYERS
2  24th & 25th floor
   Century Park Plaza
3  1801 Century Park East
4  Los Angeles, CA 90067
   Phone: 202-328-1200
5  Facsimile: 202-328-2219
   swoodson@pmiplaw.com
6
7  *Attorneys for Plaintiff Stefan Karle*

8

9           UNITED STATES DISTRICT COURT
            FOR THE CENTRAL DISTRICT OF CALIFORNIA
10

11 | STEFAN KARLE | ) |
12 | | ) |
   | | ) Case No.: |
13 | Munich, Germany | ) |
   | | ) |
14 | Plaintiff, | ) |
   | | ) JURY TRIAL DEMANDED |
15 | v. | ) |
   | | ) |
16 | | ) |
   | THE RAG PLACE RENTALS, INC. | ) |
17 | and | ) |
18 | THE RAG PLACE, INC. | ) |
   | | ) |
19 | 710 Jessie Street | ) |
20 | San Fernando, CA 91340 | ) |
   | | ) |
21 | Defendants. | |

22

23      **COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR
            COMPETITION, DECEPTIVE TRADE PRACTICES**
24

25      Plaintiff, Stefan Karle ("Karle" or "Plaintiff") by and for his complaint against Defendants,

26 The Rag Place Rentals, Inc. and The Rag Place, Inc. (collectively "TRP"), hereby alleges as

27 follows:

28                              **THE PARTIES**

                                  - 1 -

1. Karle is an individual, and citizen and resident of Munich, Germany.

2. Upon information and belief, the TRP companies are California corporations registered to do business in California, with their principal address at 710 Jessie Street, San Fernando, California 91340, and with at least one place of business at 13160 Raymer Street, North Hollywood, California 91605.

## JURISDICTION

3. Jurisdiction over the underlying controversy arises under Section 39(a) of the Trademark Act of 1946, as amended, 15 U.S.C. §1121(a), and the Judicial Code, 28 U.S.C. §§1331, 1338(a), 1338(b) and 1367.

4. Upon information and belief, TRP is amenable to the personal jurisdiction of this Court because TRP resides in and is incorporated under the laws of California; and it regularly does or solicits business, or engages in other persistent courses of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; and the causes of action alleged herein arise from TRP's, directly or through its agent(s), transacting business in this state, causing tortious injury by acts or omissions in this state, and/or causing tortious injury in this state by an act or omission outside this state; and TRP has purposefully established systematic and continuous contacts with this District and should reasonably expect to be brought into Court here.

5. Upon information and belief, a substantial portion of TRP's infringing activities took place in California, including the marketing, shipment, sale, offer for sale, and distribution of the infringing products described below.

6. Upon information and belief, TRP purposefully avails itself of the privilege of doing business in California, including but not limited to, by residing in and soliciting business in California, by advertising or promoting its goods (including the infringing goods) to citizens of California, and by shipping goods (including the infringing goods) from and within California for eventual sale to or by California residents.

7.  Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), because TRP resides in and is incorporated under the laws of the State of California, TRP does business in California, and the infringement and other acts complained of herein occurred within California and this District, and because TRP is subject to personal jurisdiction in this District.

**FACTUAL BACKGROUND**

8.  Plaintiff Stefan Karle ("Karle"), an individual, is a longtime member of the German Society of Cinematographers with decades of experience in the movie and television industry. Using knowledge gained from his background in cinematography, Karle identified various needs for improvement in the cinema arts and thereafter manifested these improvements through his personal innovations in cinema lighting.

9.  More specifically, Karle is an inventor of light shaping and refining tools which embody compact and lightweight configurations, that are easier to use and faster to set up by cinema lighting professionals such as "gaffers" (i.e., the heads of the lighting and electrical departments on film sets). These inventions have not only been lauded by the industry but have also been recognized as worthy of protection by patents by the United States Patent and Trademark Office ("USPTO"), and by other patent offices in other countries worldwide. Karle was also granted trademarks, such as SNAPBAG®, SNAPGRID®, RABBIT-EARS® and RABBIT-ROUNDER® (see details *infra*), which were registered with the USPTO, and which – when used in association with Karle's pioneering products – let consumers readily ascertain the origin of his lighting innovations.

10.  In order to commercialize his innovations, Karle founded the company DoPChoice GmbH ("DoPChoice") in the year 2008, which is also headquartered in Munich, Germany, to which Karle licensed certain intellectual property ("IP"). To aid expansion of sales within the United States, DoPChoice – in turn – licensed certain IP rights to commercialize Karle's innovations to the

companies The Rag Place Rentals, Inc. and The Rag Place, Inc. (collectively "TRP"), which have business locations in or near Hollywood, California.

11. The licensing of IP rights to TRP began on or around April 27, 2017 (or April 1, 2017, depending on license interpretation). Although the license allowed for TRP to renew after every two-year term (if certain conditions were met), and there is a dispute between DoPChoice and TRP as to whether TRP ever renewed the license, it is nevertheless unequivocal that DoPChoice terminated the license between the juristic entities no later than July 16, 2024.

12. In spite of the termination of the license by DoPChoice, and despite DoPChoice's express demands that TRP cease its continued use of the intellectual property formerly licensed to it by DoPChoice, TRP continues to sell Karle's lighting products (or imitations thereof), using Karle's trademarks, thereby causing confusion as to the origin of the lighting goods. Worse, TRP uses its own trademarks in association with Karle's trademarks, sending a clear but incorrect message to consumers that TRP, and not Karle, is the origin of the lighting products innovated by Karle. Compounding the harm, consumers have blamed DoPChoice for problems with lighting goods sold by TRP, believing them to be of DoPChoice (or Karle) origin because of TRP's unauthorized use of DoPChoice's trademarks.

13. The harm being caused by TRP's unauthorized use of Karle's intellectual property, and specifically his trademarks, is irreparable, and will become further irreparable, unless it is enjoined.

<center>**KARLE'S REGISTERED TRADEMARKS**</center>

14. Karle is the owner of the following duly and legally issued U.S. Trademark Registrations:

**SNAPGRID**

- U.S. Trademark Registration No. 4,233,949 for the mark SNAPGRID ("the '949

registration") for "photographic lighting equipment, namely, light shapers, light modifiers, light formers." (Exhibit 1)

**SNAPBAG**

• U.S. Trademark Registration No. 4,482,542 for the mark SNAPBAG ("the '542 registration") for "photographic lighting equipment, namely, light shapers, light modifiers, light formers, light reflectors, softboxes." (Exhibit 2)

**RABBIT-EARS**

• U.S. Trademark Registration No. 5,208,246 for RABBIT-EARS ("the '246 registration") for "electrical photographic lighting equipment for use in professional photography, namely, light shapers, light modifiers, light formers, light reflectors, adaptor frames for interconnecting light formers with a light source." (Exhibit 3)

**RABBIT-ROUNDER**

• U.S. Trademark Registration No. 6,661,908 for RABBIT-ROUNDER ("the '908 registration") for "electrical photographic lighting equipment for use in professional quality photography, namely, light shapers, light modifiers, light formers, light reflectors, adaptor frames for interconnecting light formers with a light source." (Exhibit 4)

### TRP'S INFRINGING PRODUCTS

15. TRP promotes and sells various cinema lighting products using Karle's SNAPBAG®, SNAPGRID®, RABBIT-EARS® and RABBIT-ROUNDER® trademarks, along with its own trademarks (e.g., "TRP WORLDWIDE"), thereby confusing consumers that TRP, and not Karle, is the origin of the lighting products innovated by Karle. (*See* Exhibits 5-8)

16. TRP's infringing products are sold from its own e-commerce website portal as well as from various online retail outlets, including at B&H and Adorama, under various names for cinema lighting products, each name prominently utilizing and therefore displaying TRP's

trademark ("TRP WORLDWIDE") alongside one or more of Karle's trademarks, such as in the examples listed below:

TRP WORLDWIDE SNAPBAG

TRP WORLDWIDE SNAPGRID

TRP WORLDWIDE SNAPBAG and SNAPGRID

TRP WORLDWIDE SNAPGRID with SNAPBAG

TRP WORLDWIDE SNAPBAG with RABBIT-EARS

TRP WORLDWIDE SNAPBAG with RABBIT ROUNDER

TRP WORLDWIDE RABBIT-EARS

(*See* Exhibits 5-8).

17. TRP's infringing products have also been displayed at tradeshows, including at Cinegear Expo in Atlanta on October 4-5, 2024, where TRP prominently displayed its TRP WORLDWIDE marks alongside infringing products, including SNAPBAG® products (See photos from tradeshow at Exhibit 9). TRP's infringement of Karle's registered trademarks at the Expo was highlighted by TRP's profile, as follows:

> **About TRP Worldwide, Inc.**
>
> The Rag Place is the premier source for Motion Picture Technical Fabrics and the innovative SNAP system LED lighting accessories, which provide quick set-up, effective lighting control, and a universal mounting solution for attaching SNAPBAGS® to LED fixtures. Booth 30!

(Exhibit 10).

18. Actual consumer confusion as to the source of TRP's infringing products also exists. An example of actual confusion occurred recently when one of TRP's customers contacted Karle complaining about the poor quality of a TRP WORLDWIDE SNAPBAG® product he purchased in August 2024 at a U.S. dealer (B&H). The customer described his disappointment that on the same day after receiving a TRP WORLDWIDE SNAPBAG® product "one of the corner elastics ripped

free" of its stitching the first time it was mounted to the lighting fixture. (Exhibit 11) The damaged TRP WORLDWIDE SNAPBAG® product is also shown in Exhibit 11 (showing a corner elastic ripped from the stitching). Karle responded to the customer's complaint, writing:

> I am Stefan Karle, the owner and founder of DoPchoice.
> Hearing this story it does not make me happy! And I want to find a quick fix!
>
> Background: **This product was produced by our old Partner TRPworldwide. We stopped in the meanwhile working with them.**
> But this should not be your problem, we want to delivery you a great product and therefore it does not matter where it is coming from.

(*Id.* (emphasis added)). Karle then asked the customer to send a picture of the damaged SNAPBAG® product and label (shown in Exhibit 11), and once received, Karle shipped to the customer "a DoPchoice made product directly from Germany free of charge." (*Id.*)

19. TRP's infringing cinema lighting products directly and slavishly copy Karle's products and registered trademarks, and therefore are likely to cause confusion with, and therefore infringe Karle's trademark registrations. Specifically, consumers are likely to confuse Karle's and TRP's products as originating from the same source.

20. TRP uses the same advertising, promotion and distribution channels as Karle and DoPChoice. Moreover, because TRP uses the identical trademarks as Karle's registered trademarks for the same uses identified for the registered trademarks, and in association with slavish copies of DoPChoice's products, TRP's customers confusingly believe, or at least are likely to believe, that TRP is an authorized source of Karle's trademarked products. TRP is not authorized.

21. TRP's current promotion and sale of infringing products is intentionally designed to trade off of the good will and market created by Karle, and otherwise is a deliberate effort to infringe Karle's registered trademarks and to unfairly compete with Karle. This intentional effort to cause confusion also increases the likelihood of confusion amongst the products, and between TRP and Karle's trademark registrations.

22. TRP's adoption of trademarks that are identical to and confusingly the same as Karle's registered trademarks on the identical products for the identical uses, and TRP's offering of the products for sale to the same customers using the same distribution channels is likely to lead consumers to believe that TRP's products are authorized by or otherwise associated with Karle.

23. TRP is well aware of the reputation and goodwill associated with Karle's trademarks and is intentionally attempting to attract the benefit of same to itself through its conduct.

24. By virtue of TRP's unlawful association of its business with Karle's trademarks, it is attempting to unlawfully enhance the sale of its products.

25. As a result of its unauthorized actions, TRP has misled the public into believing that its products are connected with Karle, and/or are licensed, endorsed and/or approved by Karle.

26. Karle has been damaged by TRP's infringement and unfair competition both financially and in price and quality reputation.

## COUNT ONE

### Federal Trademark Infringement and Unfair Competition [15 U.S.C. § 1114]

27. Karle reasserts and realleges all of the allegations contained in the foregoing paragraphs as though the same were fully set forth herein.

28. This claim arises under the Lanham Act, particularly under 15 U.S.C. § 1114.

29. TRP's unauthorized use of the word "SNAPGRID" on its products and product packaging constitutes infringement of Karle's '949 registration for the mark "SNAPGRID" for "photographic lighting equipment, namely, light shapers, light modifiers, light formers."

30. TRP's unauthorized use of the word "SNAPBAG" on its products and product packaging constitutes infringement of Karle's '542 registration for "photographic lighting equipment, namely, light shapers, light modifiers, light formers, light reflectors, softboxes."

31. TRP's unauthorized use of the words "RABBIT-EARS" on its products and product packaging constitutes infringement of Karle's '246 registration for "electrical photographic lighting

- 8 -

equipment for use in professional photography, namely, light shapers, light modifiers, light formers, light reflectors, adaptor frames for interconnecting light formers with a light source."

32. TRP's unauthorized use of the words "RABBIT-ROUNDER" on its products and product packaging constitutes infringement of Karle's '908 registration for "electrical photographic lighting equipment for use in professional quality photography, namely, light shapers, light modifiers, light formers, light reflectors, adaptor frames for interconnecting light formers with a light source."

33. TRP's unauthorized actions constitute false designation of origin or sponsorship of its products and tend falsely to represent that TRP's products originate from Karle or that TRP's products and/or TRP has been sponsored, approved, or licensed by Karle or is in some way affiliated or connected with Karle. Such conduct is likely to confuse, mislead and deceive customers, purchasers, and members of the public as to the origin of TRP's products or cause said persons to believe that those products and/or TRP has been sponsored, approved, authorized, or licensed by Karle or are in some way affiliated or connected with Karle, all in violation of 15 U.S.C. § 1114. Moreover, in some cases, some customers have been actually confused.

34. TRP has been on actual notice that its use of Karle's trademarks is unauthorized since at least July 16, 2024. For this reason and others stated herein, it is believed that TRP's actions are done and continue to be done willfully, with full knowledge of Karle's exclusive rights in its federally registered trademarks and with the express intent to cause confusion and to mislead and deceive the purchasing public.

## COUNT TWO

### Federal Unfair Competition [15 U.S.C. § 1125(a)]

35. Karle reasserts and realleges all of the allegations contained in the foregoing paragraphs as though the same were fully set forth herein.

36. This claim arises under the Lanham Act, particularly under 15 U.S.C. § 1125(a).

37. TRP's unauthorized use of infringing trademarks began after Karle's use of the trademarks in commerce and constitutes false designation of origin or sponsorship of its products and tends falsely to represent that TRP's products originate from Karle or that TRP's products and/or TRP has been sponsored, approved, or licensed by Karle or is in some way affiliated or connected with Karle. Such conduct is likely to confuse, mislead and deceive TRP's customers, purchasers, and members of the public as to the origin of TRP's products or cause said persons to believe that TRP's products and/or TRP has been sponsored, approved, authorized, or licensed by Karle or are in some way affiliated or connected with Karle, all in violation of 15 U.S.C. § 1125(a).

38. TRP has been on actual notice that its use of Karle's trademarks is unauthorized since at least July 16, 2024. For this reason and others stated herein, it is believed that TRP's actions were done and continue to be done willfully, with full knowledge of Karle's exclusive rights in its trademarks and with the express intent to cause confusion and to mislead and deceive the purchasing public.

## COUNT THREE

**California Unfair Competition Law (UCL) [Cal. Bus. & Prof. Code § 17200 *et seq.*]**

39. Karle reasserts and realleges all of the allegations contained in the foregoing paragraphs as though the same were fully set forth herein.

40. This claim arises under the California UCL, Cal. Bus. & Prof. Code § 17200.

41. At all relevant times of the allegations made in this Complaint, the California UCL, Cal. Bus. & Prof. Code § 17200 was in effect in California.

42. TRP's unlawful, unfair, or fraudulent use of Karle's trademarks has caused and, unless enjoined by this Court, will continue to cause a likelihood of confusion or misunderstanding as to the source, sponsorship, approval and/or certification of TRP's products.

43. Such knowing and willful conduct described above constitutes unfair competition within the meaning of the California UCL, Cal. Bus. & Prof. Code § 17200. As a result of such

conduct, Karle has suffered and will continue to suffer immediate and irreparable harm to his business, goodwill and reputation, for which Karle lacks an adequate remedy at law.

44. In addition to the irreparable harm to Karle caused by reason of TRP's acts, Karle has suffered and will continue to suffer monetary damages in an amount not yet determined.

45. Karle is entitled to entry of preliminary and permanent injunctive relief prohibiting TRP from its unlawful, unfair, or fraudulent use of Karle's trademarks in violation of the California UCL, Cal. Bus. & Prof. Code § 17200.

46. TRP's willful conduct entitles Karle to a recovery of his attorney fees.

## COUNT FOUR

### Unfair Competition Under California Common Law

47. Karle reasserts and realleges all of the allegations contained in the foregoing paragraphs as though the same were fully set forth herein.

48. This claim arises under the common law of the State of California.

49. TRP's unauthorized acts as alleged above constitute unfair competition in violation of California common law.

50. TRP's unauthorized use of infringing trademarks constitutes false designation of origin or sponsorship of its product and tends falsely to represent that TRP's products originate from Karle or that TRP's products and/or TRP has been sponsored, approved, or licensed by Karle or is in some way affiliated or connected with Karle. Such conduct is likely to confuse, mislead and deceive TRP's customers, purchasers, and members of the public as to the origin of TRP's products or cause said persons to believe that TRP's products and/or TRP has been sponsored, approved, authorized, or licensed by Karle or are in some way affiliated or connected with Karle, all in violation of California common law.

51. TRP has been on actual notice that its use of Karle's trademarks is unauthorized since at least July 16, 2024. For this reason and others stated herein, it is believed that TRP's actions

were done and continue to be done willfully, with full knowledge of Karle's exclusive rights in its trademarks and with the express intent to cause confusion and to mislead and deceive the purchasing public.

**WHEREFORE**, Karle requests that the Court:

1. Grant a preliminary and permanent injunction restraining and enjoining TRP and any and all principals, officers, agents, servants, employees, attorneys, representatives, successors and assigns of TRP, and all those in privity, concert or participation with TRP and all those who receive actual notice of the order, from:

   (i) directly or indirectly infringing Karle's trademarks in any manner, including generally, but not limited to, by manufacturing, distributing, advertising, selling, and/or offering for sale any goods or services that infringe Karle's trademarks, and specifically:

   a. using the words "SNAPGRID", "SNAPBAG", "RABBIT-EARS", or "RABBIT-ROUNDER" on its products and packaging, in connection with the manufacture, distribution, advertising, sale, offering for sale, and/or other use of photographic lighting equipment;

   b. applying the words "SNAPGRID", "SNAPBAG", "RABBIT-EARS", or "RABBIT-ROUNDER", to any label, sign, print, package, wrapper, receptacle, website, or advertisement used in connection with the manufacture, distribution, sale, and/or offering for sale, of photographic lighting equipment;

   (ii) using any trademark, trade name, trade dress, logo, design or domain name that tends falsely to represent that or is likely to confuse, mislead, or deceive purchasers, TRP's customers, or members of the public to the effect that goods manufactured, distributed, advertised, sold and/or offered for sale by TRP originate from Karle, or that said goods have been sponsored, approved, or licensed by or associated with Karle or are in some way connected or affiliated with Karle;

(iii) engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive purchasers, TRP's customers, and/or members of the public to the effect that the actions of TRP are sponsored, approved, or licensed by Karle, or is in some way connected or affiliated with Karle;

(iv) affixing, applying, or annexing to or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods or services, a false description or representation, including words, domain names or other symbols, tending to falsely describe or represent such goods or services as being those of Karle;

(v) otherwise competing unfairly with Karle in any manner;

(vi) destroying or otherwise disposing of any of the hereinabove mentioned products, or any documents pertaining to them or their acquisition or to any sales or transfer thereof heretofore made; and

(vii) assisting, aiding or abetting another person or business entity in engaging or performing any of the activities enumerated in subparagraphs (i) through (vi) above.

2. Render a determination that the SNAPGRID®, SNAPBAG®, RABBIT-EARS®, and RABBIT-ROUNDER® trademarks are valid and enforceable.

3. Find that TRP has infringed Karle's trademarks and competed unfairly in violation of federal law by the acts complained of herein.

4. Find that TRP has utilized false designations of origin and/or false descriptions in violation of federal law by the acts complained of herein.

5. Find that TRP has competed unfairly in violation of California statutory and common law by the acts complained of herein.

6. Issue an order requiring TRP and any and all principals, officers, agents, servants, employees, attorneys, successors, and assigns, and all those in active privity or concert with TRP

who receive actual notice of said order, to deliver to Karle for destruction all infringing goods in their possession or under their control which bear the infringing trademarks.

7. Issue an order requiring recall of any infringing goods sold and requiring TRP to issue written notices to all those previously offered the infringing goods and those to whom the infringing goods have been sold notifying them of the injunctions.

8. Require TRP to disseminate corrective advertising, at TRP's expense and subject to Karle's approval, that informs consumers, the trade and the public at large of TRP's unlawful conduct as complained of herein and of the judgment requiring TRP to cease such unlawful conduct, and/or require TRP to pay Karle's costs in producing and disseminating such corrective advertising.

9. Direct TRP to file with this Court and serve on counsel for Karle, within thirty (30) days after entry of the injunctions, a written report under oath setting forth in detail the manner in which TRP has complied with the foregoing paragraphs.

10. Direct TRP to provide an accounting of profits made by TRP as a result of TRP's unlawful conduct.

11. Order TRP to pay a judgment in the amount of Karle's actual damages under 15 U.S.C. § 1117 and/or California law, as well as TRP's profits, and pre- and post-judgment interest pursuant to 15 U.S.C. § 1117 and 28 U.S.C. § 1961, in an amount to be proven at trial.

12. Award to Karle his attorneys' fees, due to the exceptional nature of this case, and all of Karle's costs and expenses of litigation, pursuant to 15 U.S.C. § 1117(a) and/or California law.

13. Order TRP to pay a judgment for enhanced damages under 15 U.S.C. § 1117, and punitive damages under California law as appropriate.

14. Grant to Karle such other and further relief as the Court may deem just, proper and equitable under the circumstances.

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Karle hereby demands a jury trial on all issues so triable.

Respectfully submitted,

Dated: December 19, 2024

/s/ Sarah Woodson

Sarah Woodson

PEQUIGNOT + MYERS
24th & 25th floor
Century Park Plaza
1801 Century Park East
Los Angeles, CA 90067
Phone: 202-328-1200
Facsimile: 202-328-2219
swoodson@pmiplaw.com

*Attorneys for Plaintiff Stefan Karle*